# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MICHAEL-DUANE JOHNSTON,

        Plaintiff,

                                                     2:19-cv-00485-MV-KRS

v.

EQUIFAX, INC.,

        Defendant

## PROPOSED FINDINGS AND
## RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Plaintiff Michael Johnston's motion to remand and Johnston's motion to vacate a conditional transfer order. (Docs. 10, 15). Pursuant to an order of reference, *see* (Doc. 19); 28 U.S.C. § 636, the Court has reviewed the parties' submissions along with the record. Having done so, the Court **RECOMMENDS** the motions be **DENIED**.

Johnston initiated this action in Twelfth Judicial District for Otero County, New Mexico alleging, in sum, negligence against Defendant Equifax, Inc. in safeguarding his personal information, which he says was compromised in the 2017 data breach affecting million of Americans. (Doc. 1-1). Equifax removed the matter based on the Court's diversity jurisdiction. (Doc. 1). Johnston asks for remand because while he concedes there is diversity of citizenship, he says no federal question exists for the Court to hear. (Doc. 10).

Separately, Johnston challenges the conditional transfer order issued by the multidistrict litigation panel assigned to hear Equifax data breach cases filed across the federal courts of the country. His case was designated as a "tag along," and the MDL panel is in the process of

considering whether the action belongs in that MDL forum. *See In re Equifax, Inc., Customer Data Security Breach Litigation*, MDL No. 2800.

Johnston's motion to remand is misplaced. Diversity of citizenship and federal question are two mutually exclusive bases for jurisdiction. *See* 28 U.S.C. §§ 1331; 1332. In other words, if the conditions for diversity jurisdiction exist — Plaintiff and Defendant are citizens of different states, as the parties are in this case, and Plaintiff seeks recovery of more than $75,000, as Johnston makes clear in his complaint here — there is no need for Equifax to show a federal question to remove this case. *See* 28 U.S.C. § 1331; 1332; 1446. In this instance, the Court is empowered to hear state law claims, contrary to Johnston's belief.

Johnston's motion challenging the conditional transfer order appears to be nothing more than copies of documents filed with the MDL panel. Because this Court lacks authority to vacate an order of another federal court, and Johnston has made his arguments before the MDL panel, the motion must be denied. It is for the MDL panel to determine whether the conditional transfer order should be vacated.

**IT IS, THEREFORE, RECOMMENDED** that Plaintiff's motion to remand (Doc. 10) and Plaintiff's motion to vacate (Doc. 15) be **DENIED**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**WITHIN FOURTEEN (14) DAYS AFTER A PARTY IS SERVED WITH A COPY OF THESE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, THAT PARTY MAY, PURSUANT TO 28 U.S.C. § 636(B)(1), FILE WRITTEN OBJECTIONS TO SUCH PROPOSED FINDINGS AND RECOMMENDED DISPOSITION. A PARTY MUST FILE ANY OBJECTIONS WITH THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO WITHIN THE FOURTEEN (14) DAY PERIOD ALLOWED IF THAT PARTY WANTS TO HAVE APPELLATE REVIEW OF THE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION. IF NO OBJECTIONS ARE FILED, NO APPELLATE REVIEW WILL BE ALLOWED. PURSUANT TO FED. R. CIV. P. 72(B)(2), A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE OBJECTIONS.**